**EXHIBIT B**

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of ) <br> ) <br> PIRAEUS BANK ) <br> ) <br> For an Order Directing Discovery from The Bank ) <br> Of New York Mellon, Citibank NA, HSBC Bank ) <br> (USA) NA, and JP Morgan Chase Bank NA ) <br> Pursuant to 28 U.S.C. §1782 ) | Civil Action No. : __-mc-_____ |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   HSBC Bank (USA), N.A.

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

| Place: | Kellner Herlihy Getty & Friedman, LLP <br> 470 Park Avenue South, 7th Floor <br> New York, New York 10016 | Date and Time: <br> _____, 2020, 10:00 a.m. |
|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Piraneus Bank, who issues or requests this subpoena, are: Kellner Herlihy Getty & Friedman, LLP, Thomas Vandenabeele, Esq., 470 Park Avenue South, 7th Floor, New York, NY 10016; tel: 212-889-2121; email: tv@khgflaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## MATTER DESIGNATION

1. All matters regarding the search for, gathering, and production of, all things produced by you in response to this subpoena, including but not limited to documents or electronically stored information as defined in Fed. R. Civ. P. 34(a)(1)(A)

2. All matters regarding any documents or electronically stored information produced in response to this subpoena, including the authenticity of the same or character as business records.

3. All matters regarding the interpretation of any documents or electronically stored information produced pursuant to this subpoena.

## DEFINITIONS

1. "Asset" means any tangible or intangible item of economic value, including without limitation, and whether prepaid or deferred, any cash, income, securities, bank accounts, accounts receivable, gifts, trademarks, patents, copyrights, goodwill, personal property, or any interest in real property, including in any leasehold, or any ownership, membership, credit or other interest in, whether direct or indirect or legal or equitable, or any power, control, or discretion otherwise with respect to the disposition of, any asset of any person.

2. "Bank," "you," "your," and any synonyms thereof and derivatives therefrom mean HSBC Bank (USA), N.A., as well as its subsidiaries, affiliates, officers, directors, employees, partners, representatives, advisors, consultants, agents, attorneys, predecessors, successors, assigns, and any other Persons acting, or purporting to act, on its behalf.

3. "Debt" means any money or other item of economic value owed to another person or entity including but not limited to accounts receivable, accounts payable, arrears, bills, checks, claims, credits, commercial paper, commitments, debentures, debits, dues, duties, encumbrances, executory contracts, guarantees, invoices, IOUs, liabilities, lines of credit, loans, mortgages, obligations, promissory and other notes, responsibilities, securities, suretyships, or vouchers.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

5. "Concerning" shall be interpreted in the broadest sense and shall mean and include, without limitation, the words pertaining to, referring to, relating to, regarding, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly.

6. "Document" is used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and means each and every written, recorded, or graphic matter or material of any kind, type, nature, or description (whether in tangible, hard copy, printed, or electronic form), in whatever form, that is or has been in your possession, custody, or control, including, but not limited to, all hard copy documents,

correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, Bloomberg messages, instant messages, text messages, calendars, appointment books, computer files, computer printouts, data compilations or any kind, teletypes, teletexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video recordings, audio recordings, CDs, DVDs, computer disks or diskettes, removable media, brochures, pamphlets, or any written or recorded materials of any kind, however stored, recorded, produced, or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

7. "Grandunion" means Grandunion, Inc.

8. "Grand Anemi" means Grand Anemi Limited.

9. "Newlead" means Newlead Holdings Ltd. as well as its subsidiaries, affiliates, officers, directors, employees, partners, representatives, advisors, consultants, agents, attorneys, predecessors, successors, assigns, and any other Persons acting, or purporting to act, on its behalf.

10. "Including" means including without limitation.

11. "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, joint trusts, joint ventures, groups, associations, organizations, and all other entities.

12. "Requests" means the enumerated requests set forth in the section of this Schedule A titled "Documents Requested."

13. "Zolotas" means Michail Zolotas or Michael Zolotas.

14. The verb "relate" and its variants encompass the terms "refer," "reflect," and "concern," and shall be construed to bring within the scope of the Requests any information that comprises evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Requests, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the Requests.

15. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

16. The use of any verb in any tense shall be construed as the use of that verb in all other tenses.

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside of their scope.

18. The terms "all," "any," and "each" shall be construed as encompassing any and all, as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside of their scope.

## **INSTRUCTIONS**

The following instructions are an integral part of these Requests and apply to each of them:

A. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another Person having possession or custody of the Document, including but not limited to your attorneys or other agents.

B. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the Requests to which they respond. The original or one copy of each Document is requested to be produced. Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such Document is within your possession, custody, or control. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents attached to each other should not be separated, but all such attached Documents shall be produced.

C. All electronically stored information ("ESI") shall be produced in Single-paged Tagged Image File Format (".tiff") with Optical Cross-Reference (i.e., OPT) and a Concordance (i.e., DAT) Cross-Reference Loadfile. All ESI shall be produced to a media (e.g., CD, DVD, or HDD) as required by data size. Except as otherwise set forth in this Instruction C, you shall produce all ESI in the format and manner set forth in Appendix A hereto, or in such other format and manner as may be agreed for the production of ESI.

D. If any responsive Document was, but is no longer, in your possession or subject to your control, you shall state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

E. Each Request shall be responded to fully unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of a Request, or to a word, phrase, or clause contained in a Request, you shall state your objection to that portion only and produce all Documents responsive to the remainder of the Request.

F. If any Document is withheld on the grounds of privilege, work product, or otherwise, identify the following: (a) the kind of document (e.g., memorandum, letter, notes, electronic mail, etc.) that is being withheld; (b) the date of the document or, if no date appears thereon, the approximate date the document was prepared; (c) the identity of the author(s); (d) the identity of the Person(s) to whom the document is addressed; (e) the identity of any other recipients

of the document; (f) the identity of any attachments to the documents and whether the attachments have been produced; (g) the subject matter or the information contained in the document; (h) the nature of the privilege or immunity asserted, or the other grounds for withholding the document, including, if applicable, the attorney and the client involved; and (i) any additional information necessary to enable the court to adjudicate the propriety of the claim of privilege.  If a portion of a Document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced, and the information listed above shall be provided with respect to the redacted portion.

G. If no Documents exist that are responsive to a particular paragraph of these Requests, you shall so state in writing.

H. If, in responding to these Requests, you claim any ambiguity in a Request, or in a Definition or Instruction applicable to a Request, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the specific language deemed to be ambiguous and the interpretation used in responding to the Request.

I. Each Request shall be construed according to its own terms, subject to these Definitions and Instructions.  Although some of the Requests may overlap with others, no Request should be read as limiting any other.

J. Each Request shall be deemed to include a Request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to any responsive Documents in addition to the responsive Documents themselves, without abbreviation or expurgation.

K. In responding to the Requests, you shall produce all responsive Documents available at the time of production, and you shall supplement your responses as necessary.

L. Unless otherwise noted, the Requests cover the period from August 28, 2009 through the present.

## DOCUMENT REQUESTS

1. All Documents and Communications evidencing or concerning any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by the Bank relating to transactions identifying Grand Anemi, Grandunion, Newlead, or Zolotas as the beneficiary, originator, or any other related party to a transaction.

2. All Documents evidencing or concerning any and all accounts maintained by the Bank in the name, or on behalf, of Grand Anemi, Grandunion, Newlead, or Zolotas.

3. All Documents and Communications concerning or related to any asset of Grand Anemi, Grandunion, Newlead, or Zolotas, whether that asset is owned by Grand Anemi, Grandunion, Newlead, or Zolotas directly, or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially.

4. All Documents and Communications concerning or related to any debt owed to or by Grand Anemi, Grandunion, Newlead, or Zolotas.

## APPENDIX A

## PROTOCOL GOVERNING THE PRODUCTION OF
## ELECTRONICALLY STORED INFORMATION ("ESI")

### I. PRODUCTION OF HARD COPY DOCUMENTS

**A. TIFFs**. Single page Group IV TIFFs should be provided, at least 300 dpi. Each image should have a unique file name, which is the Bates number of the document. TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

**B. OCR Text Files**. OCR text files shall be provided as a single text file for each document, not one text file per page, and the filename itself should match its respective TIFF filename, which is the Bates number. The text files will not contain the redacted portions of the documents. The parties shall use up-to-date, commercially available OCR technology.

**C. Coding Fields**. The following information shall be produced in the delimited data files accompanying hard copy documents: (a) ProdBeg, (b) ProdEnd, (c) Custodian.

**D. Database Load Files/Cross-Reference Files**. Documents should be provided with (a) a delimited data file (.txt, .dat, or .csv), and (b) an image load file. Each TIFF in a production must be referenced in the corresponding load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

**E. Bates Numbering**. All images must be assigned a Bates number that must always be unique across the entire document production and sequential within a given document.

**F. Unitizing of Documents**. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

### II. PRODUCTION OF ELECTRONICALLY STORED INFORMATION

To the extent ESI cannot be provided in the manner described herein without undue burden, or if the parties otherwise agree, the parties will meet and confer prior to the date specified for production to determine another acceptable electronic form for production.

Except as indicated below, all ESI is to be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page format along with image load files (.DII file or .OPT file or .LFP file). All ESI is to be provided with extracted, document level (multi-page) searchable text (.TXT) files, to the extent available. These text files and image load files should indicate page breaks, to the extent possible. Extracted text of native files should be extracted directly from the native file, however, if no extracted text is available or if the document has been redacted, OCR of the Imaged document will suffice in lieu of extracted text.

During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in a load file ("metadata load file").

To the extent they are available, the metadata values that are to be extracted and produced in the metadata load files (.DAT file using concordance standard delimiters) are:

Metadata from Email:

Email Subject

Email Author

Email Recipient

Email CC

Email BCC

Email Received Date

Email Received Time

Email Sent Date

Email Sent Time

Email Conversation Thread Text


Metadata from Electronic Files:

File Name

File Author

File Created Date

File Created Time

File Date Last Modified

File Time Last Modified

File Extension

Data for both Email and Electronic Files

Custodian

Source

Original Path

MD5 Hash

To the extent reasonably available, the "Custodian," "Source," or "Original Path" field with respect to ESI gathered from an individual's hard drive, personal digital assistant, mobile telephone or other device will provide metadata sufficient to identify the custodian from whose hard drive or device such ESI has been gathered; for ESI gathered from other sources, the "Source" data field will be populated with a description of the location from which such ESI has been gathered (e.g., "network shared drive").

For all documents (for example, email) that contained an attachment, to the extent available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship.

Production Number Begin

Production Number End

Production Attachment Range Number Begin

Production Attachment Range Number End

Attachment Name

Production Doc Page Count

**A. De-Duplication.**  A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 hash values at the document level) across Custodians.  A party may also de-duplicate "near-duplicate" documents.  In an email thread, only the final-in-time document need be produced.  Because the final-in-time email would contain identical versions of all previous emails in the thread, the earlier-in-time emails need not be produced separately.  Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-duplicate."  To the extent that de-duplication through MD5 hash values is not possible, the parties may use good faith reasonable efforts to de-duplicate by other means (e.g., a combination of subject, file size, file type, date, etc.).

**B. Production of MS-Excel and Other Spreadsheet ESI.**  MS-Excel and other spreadsheets shall be produced in native format and linked to the litigation database with load files described above.  Produced native MS-Excel and other spreadsheets should be accompanied by a reference file (place holder tiff image named after the PRODBEG number) containing the name of the file and MD5 hash value for each produced file.

**C. Production of MS-PowerPoint ESI.** MS-PowerPoint shall be produced in native format and linked to the litigation database with load files described above. Produced native MS-PowerPoint files should be accompanied by a reference file (place holder tiff image) containing the name of the file and MD5 hash value for each produced file.

**D. Production of MS-Access ESI.** MS-Access databases shall be produced in native format as native, stand-alone files and linked to the litigation database with load files described above. Produced native MS-Access databases should be accompanied by a reference file (place holder tiff image named after the PRODBEG number) containing the name of the file and MD5 hash value for each produced file.

The production format of responsive data contained in relational databases other than MS-Access should be discussed by the parties prior to production.

**E. Production of Audio Files.** Audio files are to be produced in the native audio file format in which they were maintained in the ordinary course of business and in any processed format, including but not limited to, .WAV files, or compressed formats, e.g., .mp3, as well as any format that reflects processing for use in a database or to increase the audio recording's audibility. Audio files shall be produced in native format and linked to the litigation database with load files described above. Produced audio files should be accompanied by a reference file (place holder tiff image named after the PRODBEG number) containing the name of the file and MD5 hash value for each produced file.

**F. Production of Proprietary files.** Internal documents which are proprietary and / or fluid in nature, should be preserved for changes and all available copies of that document should be produced in native format. If electronic files are readable only through proprietary software, the files will need to be produced both in their native form and in addition, in a format readable by off the shelf or open source software. Provide any free "readers" that are associated with the proprietary software that would permit a third party to review the document in its native format, to the extent permitted by your software license.

## Production of Native Files

All native files produced, including MS-Excel and audio, should meet the following requirements. The metadata load file shall contain a link to the produced MS-Excel spreadsheets and audio files via data values called "Native Link." The Native Link values should contain the full directory path and file name of the MS-Excel spreadsheet and audio file as contained in the produced media.

Each electronic file produced in native format will be assigned a unique Bates number within the litigation database. The producing party will include a single-page TIFF image branded with this unique Bates number and the phrase "PRODUCED IN NATIVE ONLY" branded in the center of the page. The producing party will also brand any confidentiality or similar endorsements that apply to the native file in the lower left-hand corner of the TIFF image. Native file names will be identical to the assigned Bates number, followed by the file extension, e.g. B00000001.xls.

### **Bates Numbering**

Bates number and any confidentiality designation should be electronically branded on each produced TIFF image ESI and must always be unique across the entire document production and sequential within a given document.

### **Security**

All submissions of electronic data must be free of computer viruses. In addition, any passwords protecting documents or files must be removed. The files must be received in a form in which they are readily usable.

**Appendix 1: ESI Metadata Fields**

| Field Name | Field Description | Applicable to: |
|---|---|---|
| ProdBeg | Control Numbers | All Files |
| ProdEnd | Control Numbers | All Files |
| ProdBegAttach | Control Numbers (First production bates number of the first document of the family) | Email |
| ProdEndAttach | Control Numbers (Last production bates number of the last document of the family) | Email |
| Custodian | Custodian name (ex. John Doe) | All Files |
| AttachName | Original file name of attachment | Email |
| PageCount | Production Doc Page Count | All Files |
| NativeFile | Native File Link (Excel files only) | All Files |
| FileName | Original file name | All Files |
| FileExt | File Extension | All Files |
| Source | Location from which such ESI has been gathered (e.g., "network shared drive") | All Files |
| OrigPath | Original file path | All Files |
| MD5Hash | Hash value | All Files |
| DateCreated | Date the document was created or sent date of Emails | All Files |
| TimeCreated | Time the document was created or sent time of Emails | All Files |
| EmailSubject | Subject line of email | Email |
| DateSent | Date email was sent | Email |
| TimeSent | Time email was sent | Email |
| DateLastMod | Date the document was last modified | E-Docs |
| TimeLastMod | Date the document was last modified | E-Docs |
| EmailThread | Email conversation thread | Email |
| To | All recipients that were included on the "To" line of the email | Email |
| Author or From | The name and email address of the sender of the email or the Author of an E-Doc | All Files |
| CC | All recipients that were included on the "CC" line of the email | Email |
| BCC | All recipients that were included on the "BCC" line of the email | Email |

The world standard for time keeping is Greenwich Mean Time (GMT) all time codes should be provided in GMT.