**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>PIRAEUS BANK<br><br>for an Order Directing Discovery from The Bank of New York Mellon, Citibank N.A., HSBC Bank (USA) N.A., and JP Morgan Chase Bank N.A. Pursuant to 28 U.S.C. § 1782 | Case No. __ Misc. ___ |

## ORDER GRANTING JUDICIAL ASSISTANCE IN AID OF
## A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Upon consideration of the *ex parte* petition for assistance in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782 (the "Petition") submitted by Petitioner Piraeus Bank ("Petitioner"), and the Declaration of Charles Hewestson and supporting exhibits, the Court finds that :

(1) The statutory requirements of 28 U.S.C. § 1782 are satisfied.

(2) For purposes of the instant Petition, the following financial institutions reside or are found in the Southern District of New York: Citibank, N.A.; The Bank of New York Mellon Corporation; HSBC Bank USA, N.A.; and JPMorgan Chase Bank, N.A.

(3) The documentary and testimonial discovery sought through this Petition is for use in proceedings pending before a foreign tribunal.

(4) The Petitioner is an interested person within the meaning of the statute, in its capacity as party in the foreign proceedings.

(5) The discretionary factors identified by the Supreme Court of the United States in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004) weigh in favor of granting the Petition.

(6) More particularly More particularly: (a) the Respondents are not parties in the English Proceeding and are not expected to become parties thereto, thus, the need for this discovery is more apparent; (b) there is no indication that the foreign court would not be

receptive to U.S. federal- court judicial assistance as requested in the Application; (c) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions, persons, or corporate entities as third parties or parties in litigation.

Accordingly, **ORDERED** and **ADJUDGED** as follows:

1. The Petition is **GRANTED**.

2. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3. The Petitioner's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the forms attached to the Petition and to take testimony is **GRANTED**.

4. The Petitioner's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5. The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Petitioner communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Petitioner is further authorized to issue and serve additional follow-up subpoenas as may be necessary to obtain the documentary and testimonial evidence for use in the foreign proceeding, as described in the Application.

7. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS **SO ORDERED**, this ___ day of_____, 2020

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE