# EXHIBIT 13

Ε.Ε. Παρ. ΙΙΙ(Ι)											749											Κ.Δ.Π. 97/2013
Αρ. 4640, 26.3.2013

Αριθμός 97

Ο ΠΕΡΙ ΕΞΥΓΙΑΝΣΗΣ ΠΙΣΤΩΤΙΚΩΝ ΚΑΙ ΑΛΛΩΝ ΙΔΡΥΜΑΤΩΝ ΝΟΜΟΣ ΤΟΥ 2013

Διάταγμα δυνάμει του άρθρου 9

| | |
|---|---|
| | Η Αρχή Εξυγίανσης ασκώντας τις εξουσίες που της παρέχονται από το άρθρο 9 του περί Εξυγίανσης Πιστωτικών και Άλλων Ιδρυμάτων Νόμου του 2013, μετά την από κοινού απόφαση με τον Υπουργό Οικονομικών για λήψη μέτρων εξυγίανσης δυνάμει του άρθρου 3 του Νόμου, έχοντας λάβει υπόψη τη γνώμη του Υπουργού Οικονομικών για την εφαρμογή του συγκεκριμένου μέτρου εξυγίανσης, την έκθεση της αρμόδιας εποπτικής αρχής για την τρέχουσα οικονομική κατάσταση του υπό εξυγίανση πιστωτικού ιδρύματος και το σχέδιο εξυγίανσης που ετοιμάστηκε από την Αρχή Εξυγίανσης και έχοντας διαπιστώσει ότι συντρέχουν οι προϋποθέσεις του άρθρου 6(1) του Νόμου, εκδίδει το ακόλουθο Διάταγμα με γνώμονα την καλύτερη επίτευξη των στόχων που διαλαμβάνονται στο άρθρο 3 του Νόμου. |
| Συνοπτικός τίτλος. | 1. Το παρόν Διάταγμα θα αναφέρεται ως το περί της Πώλησης Εργασιών των εν Ελλάδι Εργασιών της Cyprus Popular Bank Public Co Ltd Διάταγμα του 2013. |
| Ερμηνεία.<br><br>17(Ι) του 2013. | 2. (1) Στο παρόν Διάταγμα, εκτός αν προκύπτει διαφορετική ερμηνεία από το κείμενο-<br><br>«Αγοραστής» σημαίνει την ανώνυμη τραπεζική εταιρία με την επωνυμία «Τράπεζα Πειραιώς ΑΕ», η οποία έχει συσταθεί υπό Ελληνικό δίκαιο, με αριθμό εγγραφής ΓΕ.Μ.Η. 225501000, πρώην ΑΡΜΑΕ 6055/06/Β/86/Β/04 και εγγεγραμμένο γραφείο στην Αμερικής 4, 10564, Αθήνα·<br><br>«Αρχή Εξυγίανσης» σημαίνει την Κεντρική Τράπεζα της Κύπρου·<br><br>«Χρόνος Μεταβίβασης» σημαίνει τις 17:00 στις 26 Μαρτίου 2013·<br><br>«Νόμος» σημαίνει τον περί Εξυγίανσης Πιστωτικών και Άλλων Ιδρυμάτων Νόμο του 2013·<br><br>«Πωλητής» σημαίνει την Cyprus Popular Bank Public Co Ltd·<br><br>«Σύμβαση Αγοράς και Πώλησης» σημαίνει την μεταξύ του Αγοραστή και του Πωλητή σύμβαση, η οποία θα συνομολογηθεί κατά ή περί την ημερομηνία έναρξης ισχύος του παρόντος Διατάγματος, με την οποία συνομολογείται η μεταβίβαση από τον Πωλητή προς τον Αγοραστή των περιουσιακών στοιχείων, δικαιωμάτων και υποχρεώσεων σε σχέση με τις εργασίες του Πωλητή στην Ελληνική Δημοκρατία·<br><br>«Τράπεζα Κύπρου» σημαίνει την «Τράπεζα Κύπρου Δημόσια Εταιρία Λτδ.». |

|  | (2) Όροι που δεν ερμηνεύονται στο παρόν Διάταγμα έχουν την έννοια που τους αποδίδει ο Νόμος. |
|---|---|
| Σκοπός. | 3. Σκοπός του παρόντος Διατάγματος είναι η δυνάμει του άρθρου 9 πώληση εργασιών, κατά τα διαλαμβανόμενα στην παράγραφο 5, από τον Πωλητή στον Αγοραστή. |
| Μέτρα Εξυγίανσης.<br><br>ΕΕ L 125 της 5.5.2001 σ. 15 | 4. Τα διαλαμβανόμενα στο παρόν Διάταγμα μέτρα νοούνται ως μέτρα τα οποία εμπίπτουν στο πεδίο εφαρμογής του άρθρου 33(1) των περί Τραπεζικών Εργασιών Νόμων του 1997 έως 2013 και της Οδηγίας 2001/24/ΕΚ του Ευρωπαϊκού Κοινοβουλίου και του Συμβουλίου της 4ης Απριλίου 2001 για την εξυγίανση και την εκκαθάριση των πιστωτικών ιδρυμάτων. |
| Μεταβίβαση περιουσιακών στοιχείων, δικαιωμάτων και υποχρεώσεων. | 5. (1) Ο Πωλητής μεταβιβάζει, δια πωλήσεως, στον Αγοραστή τα προβλεπόμενα στη Σύμβαση Αγοράς και Πώλησης περιουσιακά στοιχεία, δικαιώματα και υποχρεώσεις, υπό τους όρους του παρόντος Διατάγματος και σύμφωνα με τη Σύμβαση Αγοράς και Πώλησης.<br><br>(2) Η μεταβίβαση παράγει έννομα αποτελέσματα και ισχύει έναντι τρίτων από το Χρόνο Μεταβίβασης. |
| Τίμημα. | 6. Το τίμημα για την πώληση των μεταβιβαζόμενων, κατά την έννοια της παραγράφου 5, περιουσιακών στοιχείων, δικαιωμάτων και υποχρεώσεων είναι το προβλεπόμενο στη Σύμβαση Αγοράς και Πώλησης. |
| Εγκυρότητα και ισχύς της μεταβίβασης των περιουσιακών στοιχείων, δικαιωμάτων και υποχρεώσεων. | 7. Με την επιφύλαξη της παραγράφου 8 και σύμφωνα με τα όσα διαλαμβάνονται στο Νόμο, η δια του παρόντος Διατάγματος μεταβίβαση περιουσιακών στοιχείων, δικαιωμάτων και υποχρεώσεων θεωρείται έγκυρη, παράγει τα δι' αυτής σκοπούμενα έννομα αποτελέσματα και ισχύει έναντι τρίτων, ανεξαρτήτως:<br><br>(α) των προνοιών οποιουδήποτε άλλου νόμου που ισχύει στη Δημοκρατία·<br><br>(β) της συγκατάθεσης του Διοικητικού Συμβουλίου, των μετόχων ή των καθ' οιανδήποτε έννοια πιστωτών του Πωλητή, συμπεριλαμβανομένων των καταθετών·<br><br>(γ) της ύπαρξης οιουδήποτε περιορισμού που επιβάλλεται δυνάμει διατάξεων νόμου ή όρων σύμβασης ή άλλως πως, αναφορικά με τα μεταβιβαζόμενα περιουσιακά στοιχεία, δικαιώματα και υποχρεώσεις περιλαμβανομένης της συμμόρφωσης με νομικές ή άλλες διαδικασίες ή διατυπώσεις κατά την έννοια του άρθρου 13(2) του Νόμου·<br><br>(δ) οποιασδήποτε αναγγελίας, έγκρισης ή συναίνεσης οποιουδήποτε προσώπου στην πώληση εργασιών· |

751

| | |
|---|---|
| | (ε) παράδοσης οποιουδήποτε άλλου εγγράφου μεταβίβασης εκτός όπως προνοείται από το Ελληνικό δίκαιο για μεταβίβαση ακινήτων στην Ελληνική Δημοκρατία. |
| Περιουσιακά στοιχεία που διέπονται από αλλοδαπό δίκαιο. | 8. Ο Αγοραστής προβαίνει σε κάθε αναγκαία ενέργεια για την ολοκλήρωση της μεταβίβασης των περιουσιακών στοιχείων, δικαιωμάτων, ή υποχρεώσεων, τα οποία αποτελούν αντικείμενο του παρόντος Διατάγματος και τα οποία διέπονται από δίκαιο άλλου κράτους μέλους ή τρίτης χώρας πλήν της Δημοκρατίας και της Ελληνικής Δημοκρατίας. |
| Ταμεία προστασίας καταθέσεων. | 9. Οι καταθέσεις, οι οποίες μεταφέρονται από τον Πωλητή προς τον Αγοραστή δυνάμει του παρόντος Διατάγματος, δεν θεωρούνται ως μη διαθέσιμες καταθέσεις δυνάμει των διατάξεων του άρθρου 12(1)(α) του περί Σύστασης και Λειτουργίας Σχεδίου Προστασίας Καταθέσεων και Εξυγίανσης Πιστωτικών και Άλλων Ιδρυμάτων Νόμος του 2013 και δεν ενεργοποιούν τη διαδικασία αποζημίωσης καταθετών δυνάμει του εν λόγω Νόμου ή και των δυνάμει αυτού εκδοθέντων Κανονισμών. |
| Συνέχεια συμβάσεων. | 10. Συμφωνίες οι οποίες έχουν συναφθεί από ή σε σχέση με τον Πωλητή και οι οποίες αφορούν τα μεταβιβαζόμενα περιουσιακά στοιχεία, δικαιώματα και υποχρεώσεις, λογίζονται από το Χρόνο Μεταβίβασης ως αν να έχουν συναφθεί με ή σε σχέση με τον Αγοραστή. |
| Μεταβίβαση στην Τράπεζα Κύπρου. | 11. Τα δικαιώματα και οι υποχρεώσεις του Πωλητή που απορρέουν από τη Σύμβαση Αγοράς και Πώλησης δια του παρόντος και χωρίς οποιαδήποτε περαιτέρω ενέργεια μεταβιβάζονται από τον Πωλητή στην Τράπεζα Κύπρου αμέσως μετά το Χρόνο Μεταβίβασης. |
| Εγκυρότητα και ισχύς της μεταβίβασης δικαιωμάτων και υποχρεώσεων του Πωλητή δυνάμει της Σύμβασης Αγοράς και Πώλησης. | 12. Με την επιφύλαξη της παραγράφου 8, σύμφωνα με τα όσα διαλαμβάνονται στο Νόμο, η δια του παρόντος Διατάγματος μεταβίβαση δικαιωμάτων και υποχρεώσεων του Πωλητή δυνάμει της Σύμβασης Αγοράς και Πώλησης θεωρείται έγκυρη, παράγει τα δι' αυτής σκοπούμενα έννομα αποτελέσματα και ισχύει έναντι τρίτων, ανεξαρτήτως: <br><br> (α) των προνοιών οποιουδήποτε άλλου νόμου που ισχύει στη Δημοκρατία· <br><br> (β) της συγκατάθεσης του Διοικητικού Συμβουλίου, των μετόχων ή των καθ' οιανδήποτε έννοια πιστωτών του Πωλητή ή και της Τράπεζας Κύπρου, συμπεριλαμβανομένων των καταθετών· <br><br> (γ) της ύπαρξης οιουδήποτε περιορισμού που επιβάλλεται δυνάμει διατάξεων νόμου ή όρων σύμβασης ή άλλως πως, αναφορικά με τα μεταβιβαζόμενα δικαιώματα και υποχρεώσεις περιλαμβανομένης της συμμόρφωσης με νομικές ή άλλες διαδικασίες ή διατυπώσεις κατά την |

752

| | |
|---|---|
| | έννοια του άρθρου 13(2) του Νόμου. |
| Τροποποίηση του παρόντος Διατάγματος. | 13. Η Αρχή Εξυγίανσης δύναται, δια νέου διατάγματος, να τροποποιεί τους όρους του παρόντος Διατάγματος. |
| Έναρξη ισχύος. | 14. Το παρόν Διάταγμα ισχύει από την ημερομηνία δημοσίευσής του στην Επίσημη Εφημερίδα της Δημοκρατίας |

Πανίκος Δημητριάδης
Διοικητής
Κεντρική Τράπεζα της Κύπρου

Τυπώθηκε στο Τυπογραφείο της Κυπριακής Δημοκρατίας
Μιχαλάκη Καραολή, 1445 Λευκωσία, Τηλ. 22405824, Φαξ 22303175 – www.mof.gov.cy/gpo
Αντίτυπα της Επίσημης Εφημερίδας πωλούνται προς €1,71 το καθένα
Ετήσια συνδρομή: €68,00

| | |
|---|---|
| Official Gazette Annex III (I) No. 4640, 3/26/2013 | Regulatory Administrative Act 97/2013 |

Number 97

749

## THE RESOLUTION OF CREDIT AND OTHER INSTITUTIONS LAW OF 2013
### Decree by virtue of Article 9

| | |
|---|---|
| | The Resolution Authority exercising the powers vested in it under Article 9 of the Resolution of Credit and Other Institutions Law of 2013, following a joint decision with the Minister of Finance for the adoption of resolution measures by virtue of Article 3 of the Law and having taken into consideration the opinion of the Minister of Finance for the implementation of this resolution measure, the report of the competent supervisory authority regarding the current financial situation of the credit institution subject to resolution and the resolution plan prepared by the Resolution Authority and having established that the requirements of Article 6 (1) of the Law are fulfilled, it issues the following Decree with the aim of best achieving the purposes of Article 3 of the Law. |
| Short Title | 1. This Decree shall be referred to as the Sale of Operations of the Operations in Greece of Cyprus Popular Bank Public Co Ltd Decree of 2013. |
| Interpretation 17(1) of 2013. | 2. (1) In this Decree, unless a different meaning results from the text-<br><br>"Acquiring Entity" means Piraeus Bank SA, a public limited company, incorporated under Greek law, under the registration number of GE.M.H. (General Commercial Register) 225501000, formerly ARMAE (Public Limited Companies Registration Number) 6055/06/B/86/B/04, and with a registered office in 4, Amerikis St, 10564 Athens-<br><br>"Resolution Authority" means the Central Bank of Cyprus-<br><br>"Transfer Date" means March 26, 2013 at 5:00 p.m.-<br><br>"Law" means the Resolution of Credit and Other Institutions Law of 2013;<br><br>"Selling Entity" means Cyprus Popular Bank Public Co Ltd-<br><br>"Purchase and Sale Agreement" means the agreement between the Acquiring Entity and the Selling Entity, to be agreed on or near the date of entry into force of this Decree, whereby the sale by the Selling Entity to the Acquiring Entity of the assets, rights and obligations in relation to the Selling Entity's operations in the Hellenic Republic-<br><br>"Bank of Cyprus" means "Bank of Cyprus Public Company Ltd". |

| | |
|---|---|
| | (2) Terms not defined in this Decree have the meaning attributed thereto by the Law. |
| Purpose | 3. The purpose of this Decree is to impose by virtue of Section 9 of the Law the sale of operations, under the provisions of Paragraph 5, from the Selling Entity to the Acquiring Entity. |
| Reorganization Measures<br><br>EU L125 of 5.5.2001 p. 15. | 4. The measures set out in this Decree are intended as measures falling within the scope of the application of Section 33(1) of the Banking Business Laws of 1997 to 2013 and Directive 2001/24/EC of the European Parliament and of the Council of April 4, 2001 on the reorganization and winding up of credit institutions. |
| Transfer of assets, rights and liabilities | 5. (1) The Selling Entity transfers through sale to the Acquiring Entity all assets, rights and liabilities, on the terms and subject to the conditions [set out] in this Decree and according to the Purchase and Sale Agreement.<br><br>(2) The transfer produces legal effects and is enforceable against third parties from the Transfer Time. |
| Compensation | 6. The compensation for the sale of the assets, rights and liabilities transferred within the meaning of Paragraph 5 is that which is provided for in the Purchase and Sale Agreement. |
| Validity and effect of the transfer of assets, rights and liabilities | 7. Save as otherwise provided for in Paragraph 8 and according to this Decree and the Law, the transfer of assets, rights and liabilities by virtue of this Decree shall be deemed valid, have the intended [-via this transfer-] legal effect and be enforceable against third parties, irrespective of:<br><br>(a) the provisions of any other law in force in the Republic;<br><br>(b) the consent of the Board of Directors, the shareholders or [any and all] creditors of the Acquiring Entity, including the depositors;<br><br>(c) the existence of any restriction imposed under provisions of law or contract terms or otherwise, in relation to the transferred assets, rights and liabilities, including the compliance with legal or other procedures or formalities within the meaning of Article 13 (2) of the Law-<br><br>(d) any announcement, approval or consent of any person in the sale of operations; |

| | |
|---|---|
| | (e) delivery of any other transfer document except as provided for by Greek law for the transfer of real estate in the Hellenic Republic. |
| Assets subject to foreign law | 8. The Acquiring Entity is obliged to take any necessary action to complete the transfer of the assets, rights and liabilities that are the object of this Decree and that are subject to the law of another member state or a third country other than the Republic and the Hellenic Republic. |
| Deposit Protection Funds | 9. Deposits that are not transferred from the Selling Entity by virtue of this Decree shall not be considered to be non-available deposits pursuant to the provisions of Section 12(1)(a) of the Establishment and Operation of the Scheme for Deposit Protection and Resolution of Credit and Other Institutions Law of 2013 and shall not activate the procedure for the payment of compensation to depositors pursuant to the said Law and/or the Regulations issued thereunder. |
| Continuity of contracts | 10. Contracts that are concluded by or in relation to the Selling Entity and that concern the transferred assets, rights and liabilities shall be treated as being concluded by or in relation to the Acquiring Entity as from the Transfer Date. |
| Transfer to the Bank of Cyprus | 11. The Selling Entity's rights and liabilities under the Purchase and Sale Agreement through this Agreement and without any further action are transferred by the Selling Entity to the Bank of Cyprus immediately after the Transfer Date. |
| Validity and effect of the transfer of the Selling Entity's rights and liabilities under the Purchase and Sale Agreement | 12. Save as otherwise provided for in Paragraph 8 and according to this Decree and the Law, the transfer of the Selling Entity's rights and liabilities under the Purchase and Sale Agreement, by virtue of this Decree shall be deemed valid, have the intended [-via this transfer-] legal effect and be enforceable against third parties, irrespective of:<br><br>(a) the provisions of any other law in force in the Republic;<br><br>(b) the consent of the Board of Directors, the shareholders or [any and all] creditors of the Selling Entity and/or the Bank of Cyprus, including the depositors;<br><br>(c) the existence of any restriction imposed under provisions of law or contract terms or otherwise, in relation to the transferred assets, rights and liabilities, including the compliance with legal or other procedures or formalities within the |

752

| | |
|---|---|
| | meaning of Article 13 (2) of the Law. |
| Amendments to this Decree | 13. The Resolution Authority may, by further decree, amend the terms of this Decree. |
| Entry into force | 14. This Decree shall enter into force on the date of its publication in the Official Gazette of the Republic |

[*Signature*]
Panicos Demetriades
Governor
Central Bank of Cyprus

Printed at the Printing Office of the Republic of Cyprus
*Michalaki Karaoli 1445 Nicosia, Tel. 22405824, Fax 22303175 - www.mof.gov.cy/gpo*
Copies of the Official Journal are sold at €1.71 each
Annual subscription: €68.00



# TRANSLATION CERTIFICATION

Date: May 28, 2019

To whom it may concern:

This is to certify that the attached translation from Greek into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Decision No. 66 26-3-2013 Greek
- 2013_1_97 Decree of Central Bank of Cyprus

Waqas Choudhry, Project Manager in this company, attests to the following:

"I declare under penalty of perjury that the aforementioned documents are a true, full and accurate translation of the specified documents. I affirm that the provided translation was produced under the ISO 9001:2015 certified quality management process and the agents responsible for the specified translations are qualified to translate and review documents for the above language pair."

_____
Signature of Waqas Choudhry