UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 5/18/2020

IN RE APPLICATION OF PIRAEUS BANK,

Petitioner,

for an order pursuant to 28 U.S.C. § 1782 for
discovery in aid of foreign proceedings.

20-mc-210 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On May 13, 2020, Petitioner Piraeus Bank submitted an *ex parte* application for an order
pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding pending before the
Queen's Bench Division of the High Court of Justice, within the Commercial Court (the
"English Proceeding").  Specifically, Petitioner seeks an order permitting it to issue subpoenas
for the production of documents to The Bank of New York Mellon ("BNYM"), Citibank N.A.
("Citibank"), HSBC Bank (USA) N.A. ("HSBC"), and JP Morgan Chase Bank N.A. ("JP
Morgan") (collectively, "Respondents").  *See* Dkt. 1, Ex. A-D (Proposed Subpoenas).

Petitioner is a banking institution, incorporated and existing under the laws of Greece.
Dkt. 1 ¶ 3 (*Ex Parte* Petition).  On June 6, 2019, Petitioner filed its claims in the English
Proceeding against Grand Anemi Limited, Grandunion, Inc., Michail (Michael) Zolotas
(collectively, "English Defendants"), alleging claims related to the breach of a loan agreement
and two guarantees of the loan agreement (collectively, the "agreements").  *Id.* ¶¶ 25-26.
Petitioner alleges that around August 2009, English Defendants entered into these agreements
with a lender, Marfin Egnatia Bank Societe Anonyme ("Marfin").  Dkt. 4 ¶ 13 (Decl. of Charles
M. Hewetson).  After the execution of the agreements, Marfin allegedly "performed its
obligations . . . by making available the revolving credit facility."  *Id.* ¶ 18.  Around March 2011,

Marfin was acquired by Marfin Popular Bank Public Co. Ltd., which shortly thereafter changed its name to the Cyprus Popular Bank Public Co. Ltd. ("Cyprus Popular").  *Id.* ¶ 21.  At some point in 2012, English Defendants stopped paying the amount due pursuant to the agreements, and in 2013, Cyprus Popular demanded payment and then notified English Defendants of their breach.

Subsequently, "during the Cypriot financial crisis, Cyprus Popular was restructured," and the rights under the agreements were sold to Petitioner.  *Id.* ¶ 25.  As such, as of March 26, 2013, Petitioner "became a special successor to Cyprus Popular and succeeded to all of the rights and obligations of Marfin and Cyprus Popular set out in the [agreements]."  *Id.* ¶ 26.  After negotiations to restructure English Defendants' liabilities were unsuccessful, and with the liabilities remaining outstanding, Petitioner commenced the English Proceeding.  *Id.* ¶¶ 27-28.  Petitioner seeks "damages in the amount of at least USD 85,557,894.70, consisting of USD 53,718.984.79 in principal and USD 31,838,909.91 in accrued interest as of June 3, 209."  Dkt. 1 ¶ 29.  The case is currently ongoing, with "[a] Case Management Conference" set for June 26, 2020, which "will determine the dates for completing the various preparatory stages leading up to trial."  *Id.* ¶ 37.

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."  *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations omitted).

Petitioner has met all three of these statutory requirements.  First, "[e]ach of the Respondents is a New York entity and/or has its principal place of business in New York, New York." Dkt. 4 ¶ 4.  Second, Petitioner has requested the discovery for use in the pending English Proceeding.  Petitioner explains that it "seeks to use the documents to support its claims that the English Defendants breached various provisions of three loan agreements." *Id.* ¶ 5.  It alleges that, "upon information and belief, each of the Respondents is in possession, custody, or control of discrete and highly relevant categories of documents relating to the claims advanced by Petitioner in the English Proceeding." *Id.* ¶ 6; *see also id.* ¶¶ 42-45 (explaining that Respondents served as either the "intermediary bank" or "beneficiary bank" for wire transfers on behalf of English Defendants).  Third, Petitioner is an interested party in the foreign proceeding because it initiated the English Proceeding.  Accordingly, Petitioner has satisfied the statutory requirements for obtaining discovery in aid of a foreign proceeding.

Petitioner has also satisfied the four discretionary factors set forth by the Supreme Court "that bear consideration in ruling on a § 1782(a) request."  *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 264 (2004).  These factors include:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome."

*In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38-39 (2d Cir. 2017) (quoting *Intel Corp.*, 542 U.S. at 264-65).

Each of the discretionary factors weighs in favor of granting Petitioner's discovery request.  First, "[n]one of the Respondents is a party to the English Proceeding."  Dkt. 4 ¶ 6.

Thus, Petitioner must rely on § 1782(a) to acquire these documents.  Second, Petitioner represents that "[t]here is no indication, or reason to believe, that the English Court – where the foreign legal proceeding is currently pending – would be unreceptive" to assistance from this Court.  *Id.* ¶ 7; *see also In re Application of 000 Promneftstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding*, 134 F. Supp. 3d 789, 792 (S.D.N.Y. 2015) ("The Court of Appeals for the Second Circuit has instructed district courts to 'consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)).  Third, Petitioner states that its request "does not seek to, and does not have the effect of, circumventing any foreign proof-gathering restrictions or other policies."  Dkt. 4 ¶ 7.  Finally, Petitioner asserts that "the proposed subpoenas have been narrowly tailored to seek discrete categories of documents . . . relevant to the English Proceeding" within Respondents' possession, and thus "are neither unduly burdensome nor intrusive."  Dkt. 1 ¶ 59.

For the foregoing reasons, it is hereby ORDERED that Petitioner's application pursuant to 28 U.S.C. § 1782 to serve subpoenas on Respondents is granted.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 4.

SO ORDERED.

Dated:    May 18, 2020
          New York, New York

_____
RONNIE ABRAMS
United States District Judge